IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CARRIE SCOTT and JAMES SCOTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:10-00186-CG-N |
| | ) | |
| J. PAUL JONES HOSPITAL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

This action is before the undersigned on a motion to dismiss (docs. 14, 15) has been filed by J. Paul Jones Hospital and J. Paul Jones Hospital Board, defendants herein (hereinafter "Hospital Defendant"), and plaintiffs' response (doc. 19). This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) for entry of a Report and Recommendation.

## Background

The motion to dismiss is predicated upon plaintiffs' failure to file a timely notice of claim with either the Wilcox County Commission or the City of Camden, Alabama, as required by Ala. Code §§ 6-5-20 and 11-47-23 (1975) because these defendants are governmental entities which are considered part of Wilcox County and the City of Camden.[1] In their response to the Hospital Defendants' motion to dismiss, plaintiffs

---

[1] Alabama Code § 6-5-20 provides in pertinent part: "An Action must not be commenced against a county until the claim has been presented to the county commission, disallowed or reduced by the commission and the reduction refused by the claimant." Alabama Code §11-47-23 provides in pertinent part: "All claims against the municipality . . . shall be presented to the

concede that these defendants "are the same entity as the Wilcox County Hospital Board" and do not dispute that their claims are barred by their aforementioned failure to file the requisite timely notice of claim with either the Wilcox County Commission or the City of Camden.² *See* Jacks v. Madison County, 741 So.2d 429, 431 (Ala.Civ.App. 1999)("§ 11-12-8 requires that such a claim be presented within 12 months of the accrual of the claimant's cause of action, and the failure to present such a claim to the county within that period is a bar to a subsequent civil action on that claim), *citing* Health Care Auth. v. Madison County, 601 So.2d 459, 462 (Ala. 1992). *See also*, Lawrence County v. Decatur General Hospital, 675 So.2d 393, 396 (Ala. 1996)(The Alabama Supreme Court "interpreted sections §§ 6-5-20, 11-12-5, 11-12-6, and 11-12-8, which control claims against counties, to "require presentment of an itemized, verified claim to the county commission within 12 months of the accrual of the claim..."). There existed, therefore, at the time this action was filed, no possibility of plaintiffs prevailing against these defendants.

For the reasons set forth above, and based on plaintiffs' lack of opposition to the

---

clerk for payment within two years from the accrual of said claim or shall be barred [and] [c]laims for damages growing out of torts shall be presented within six months from the accrual thereof or shall be barred." *See also*, Alabama Code § 11-12-8 which provides that "[a]ll claims against counties must be presented for allowance within 12 months after the time they accrue or become payable or the same are barred..."

²It is undisputed that plaintiffs' claims arise from Carrie Scott's treatment at J. Paul Jones Hospital on February 20, 2008. Plaintiffs commenced this action in the Circuit Court of Wilcox County on February 19, 2010, without ever having given the requisite notice of claim. Consequently, it is also undisputed that plaintiffs claims are time-barred by virtue of the time restrictions imposed by the non-claim statutes set forth in n. 1, *supra*.

motion, it is recommended that the motion to dismiss Defendants J. Paul Jones Hospital and J. Paul Jones Hospital Board be **GRANTED.** The action should continue as to the remaining defendants, Baxter Healthcare Corporation, Sicor, Inc., Teva Parenteral Medicines, Inc., Teva Pharmaceuticals, USA, Inc.

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the magistrate judge.

**Done** this 28th day of May, 2010.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

RIGHTS AND RESPONSIBILITIES FOLLOWING
RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.      **Objection**.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(c); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within [fourteen] days[3] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

   **Done** this 28th day of May, 2010.

                                        /s/ Katherine P. Nelson
                                        **UNITED STATES MAGISTRATE JUDGE**

---

[3]Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).