IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **CARRIE SCOTT, et al.,** | : |
| | : |
| **Plaintiffs,** | : |
| | : CIVIL ACTION NO. 10-0186-CG-N |
| v. | : |
| | : |
| **J. PAUL JONES HOSPITAL,** *et al.*, | : |
| | : |
| **Defendants.** | : |
| | : |

**REPORT OF PARTIES' PLANNING MEETING**

Pursuant to Fed.R.Civ.P. 26(f), a telephonic meeting was held on June 14, 2010, attended by:

Leila H. Watson and Stephen R. Hunt for plaintiffs Carrie Scott and James Scott;

J. Carter Thompson, Jr., and Sara M. Turner for defendant Baxter Healthcare Corporation;

Philip H. Partridge for defendants J. Paul Jones Hospital and J. Paul Jones Hospital Board, and;

James C. Barton, Jr., Alan D. Mathis, and Mary Lynn Tate for defendants Teva Pharmaceuticals USA, Inc., Teva Parenteral Medicines, Inc., and Sicor Inc.

The parties request a telephonic conference with the court before entry of the scheduling order. Each of the parties would be available for such a conference during the afternoon of June 23 or the afternoon of June 24, 2010.

1. **Narrative Statements by the Parties**

    **A. Plaintiffs' Statement of Facts and Claims**

    On February 19, 2010, Plaintiff Carrie Scott brought this medical malpractice/product liability action against the Defendants in the Circuit Court of Wilcox County, Alabama, CV-2010-900011. Plaintiff sought to recover

damages resulting from, and related to, personal injuries she sustained following an injection of Phenergan™ or Promethazine Hydrochloride (hereinafter referred to collectively as "Phenergan"). The case was removed to the United States District Court for the Southern District of Alabama on April 22, 2010. This Court recommended, on May 28, 2010, that the medical defendants' motion to dismiss be granted. Plaintiffs anticipate that the medical malpractice claims will be dismissed.

Phenergan™ is the brand name for Promethazine Hydrochloride, an antihistamine used to treat nausea. The use of the name "Phenergan" was licensed to Baxter by a non-party pharmaceutical company. Promethazine Hydrochloride in a 50 mg dose for intravenous injection is made and sold by Baxter under the name "Phenergan," and by Teva Parenteral and/or Teva USA and/or Sicor, under the generic name of "Promethazine Hydrochloride."

The injectable form of Phenergan can be administered intramuscularly or intravenously. Intravenously, it can be administered through either the "IV-push" method [whereby the drug is injected directly into a patient's vein], or the "IV-drip" method [whereby the drug is introduced into a saline solution in a hanging intravenous bag and slowly descends through a catheter inserted in a patient's vein]. Phenergan is a highly corrosive drug and can cause irreversible gangrene if it enters a patient's artery. For safety reasons, the recommended manner of administration is intramuscular or by IV drip.

On February 20, 2008, 50 mgs of Phenergan was administered to Plaintiff Carrie Scott by IV push into her left arm. Either the needle penetrated an artery directly or the drug escaped from the vein into surrounding tissue [a phenomenon recognized and known as perivascular extravasation -- meaning the drug came in contact with arterial blood]. As a result, Carrie Scott developed gangrene in her left arm, which was eventually amputated just above the elbow.

Plaintiff Carrie Scott alleges that the pharmaceutical defendants are liable for her injuries pursuant to the Alabama Extended Manufacturer's Liability Doctrine, and for inadequate warning and/or failure to warn, and breach of warranty.

Plaintiff James Scott, husband of Carrie Scott, has a derivative claim for loss of consortium.

### B. Defendants' Statement of Facts and Defenses

This civil action was filed on February 19, 2010, alleging personal injuries related to intravenous administration of promethazine hydrochloride. Plaintiffs name as defendants Teva Pharmaceuticals USA, Inc., Teva Parenteral Medicines,

Inc., Sicor Inc., Baxter Healthcare Corporation, J. Paul Jones Hospital, J. Paul Jones Hospital Board, and fictitious Defendants 1- 211.

Plaintiff Carrie Scott, a 75 year old female, alleges that she was given promethazine by intravenous administration (IV) when she was treated in the emergency room of J. Paul Jones Hospital on February 20, 2008. She contends that an employee of J. Paul Jones Hospital injected promethazine hydrochloride into her artery and failed to use the proper method of IV administration. Plaintiff alleges that promethazine hydrochloride entered her artery because the needle penetrated an artery directly, or the drug leaked into surrounding tissue. Plaintiff alleges that promethazine hydrochloride contains inadequate warnings about "significant risks of bodily harm to patients when administered by IV push." Plaintiff's left arm was amputated just above the elbow due to gangrene that developed from the alleged promethazine extravasation. Plaintiffs assert product liability claims against Baxter Healthcare Corporation (BHC), Teva Pharmaceuticals USA, Inc., Teva Parenteral Medicines, Inc., and Sicor, Inc., based upon alleged failure to warn and breach of warranty. Plaintiff's husband asserts a loss of consortium claim. Plaintiffs also assert medical malpractice claims against her health care providers, J. Paul Jones Hospital and J. Paul Jones Hospital Board. Those defendants have been dismissed.

Promethazine hydrochloride is an FDA-approved pharmaceutical medication. Phenergan is the trade name of promethazine hydrochloride. Defendant Baxter Healthcare Corporation (BHC) manufactures Phenergan and Teva Parenteral Medicines, Inc., manufactures generic promethazine hydrochloride. Promethazine hydrochloride has been widely prescribed in the United States to treat various conditions including the control of nausea and vomiting. The FDA-approved labeling of promethazine hydrochloride contains adequate warnings and instructions, including warnings regarding extravasation. Moreover, plaintiff has not identified the pharmaceutical manufacturer of the promethazine hydrochloride that was given to her.

2. This jury action should be ready for trial by **December 2011.** At this time trial is expected to take approximately two weeks, excluding jury selection. The parties jointly request that this action be tried in Mobile, Alabama, by a jury drawn from the Southern Division only.

3. The parties request a pretrial conference on **November 21, 2011**.

4. **Proposed Discovery Plan and Deadlines.** The parties agree that discovery should be conducted in two phases: fact discovery and expert discovery. Early fact discovery regarding product identification will commence as soon as possible. Plaintiffs also anticipate that discovery will be necessary to establish liability, causation, and damages. Defendants anticipate that discovery will be necessary regarding plaintiff Carrie Scott's medical history, facts regarding her

prescription and use of promethazine hydrochloride, her health care provider's care and treatment, Ms. Scott's employment and educational history, plaintiffs' alleged damages, and discovery of plaintiffs' proposed expert opinions.

> A. Early discovery regarding identification of the manufacturer of the promethazine hydrochloride that was prescribed and given to plaintiff Carrie Scott as alleged in plaintiffs' Complaint shall be commenced in time to be completed no later than **September 27, 2010**. All other fact discovery shall be completed no later than **April 4, 2011**. All expert discovery shall be commenced in time to be completed on or before **August 1, 2011.**
>
> The parties further agree and request that:
>
> > i. The parties shall exchange Initial Disclosures by **October 18, 2010.**[1]
> >
> > ii. Plaintiffs shall file all motions to amend pleadings and add parties on or before **October 18, 2010**. Defendants may seek leave to amend pleadings and add parties on or before **November 15, 2010**.
> >
> > iii. Plaintiffs shall serve Rule 26(a)(2) expert disclosures on or before **April 18, 2011.** Discovery of plaintiffs' expert witness opinions shall be completed on or before **June 6, 2011**.
> >
> > iv. Defendants shall serve Rule 26(a)(2) expert disclosures on or before **June 20, 2011.** Discovery of defendants' expert witness opinions shall be completed on or before **August 1, 2011**.

5. **Pretrial Disclosures.** Final lists of witnesses and exhibits under Rule 26(a)(3) due by **November 14, 2011**.

6. **Discovery Limits.**

   A. Maximum of 25 interrogatories by plaintiffs and 25 interrogatories by each defendant, to any other party. Responses due in accordance with the Rules of Civil Procedure.

   B. Maximum of 10 depositions by plaintiffs and 10 depositions by defendants, not including experts. A deposition is limited to a total of

---

[1] This deadline is extended to allow preliminary discovery of product identification. The parties request a brief telephonic conference with the court before entry of Scheduling Order to address this issue.

      seven hours and may continue from day to day until completed. The parties may agree to extend the number of depositions or time limit as discovery progresses.

    C. Maximum of 25 requests for admission by each party to any other party. Responses are due in accordance with the Rules of Civil Procedure.

    D. Maximum of 30 requests for production of documents by plaintiffs and 30 requests for production of documents by each defendant, to any other party. Responses are due in accordance with the Rules of Civil Procedure.

7. **Dispositive motions.**

Dispositive motions (including, but not limited to, Daubert motions and motion for summary judgment) shall be served and filed on or before **September 12, 2011.** The non-movant shall serve and file a response within thirty (30) days after service of the dispositive motion, and the movant shall serve and file a reply within fourteen (14) days after service of the non-movant's response.

8. Settlement cannot be evaluated without further discovery.

9. Other matters.

A. The parties request the entry of a Protective Order of Confidentiality and will tender an agreed order or motion if the parties can not reach an agreement.

B. In addition to service by regular mail, the parties agree to serve all written discovery requests and papers filed with the court (motions, responses, and so forth) by electronic mail.

C. The parties request the entry of a Qualified HIPAA Protective Order to facilitate the discovery of information relating to the past, present, and/or future medical condition of the plaintiff.

        /s/ Leila H. Watson
        Leila H. Watson
        Stephen R. Hunt, Jr.
        CORY WATSON CROWDER & DEGARIS, P.C.
        2131 Magnolia Avenue, Suite 200
        Birmingham, AL  35205

Gerald C. Brooks
THOMAS, MEANS, GILLIS & SEAY, P.C.
P. O. Drawer 5058
Montgomery, AL  36103

ATTORNEYS FOR PLAINTIFFS


  /s/  Alan D. Mathis
James C. Barton, Jr.
Alan D. Mathis
JOHNSTON BARTON PROCTOR & ROSE LLP
Colonial Brookwood Center
569 Brookwood Village, Suite 901
Birmingham, AL  35209

Robert H. Turner
Attorney at Law
416 Washington Street
Marion, Alabama 36756

ATTORNEYS FOR DEFENDANTS TEVA
PARENTERAL MEDICINES, INC., TEVA
PHARMACEUTICALS
USA, INC., AND SICOR, INC.


  /s/  Sara M. Turner
Sara M. Turner
Baker, Donelson, Bearman, Caldwell
        & Berkowitz, P. C.
420 20th Street North, Suite 1600
Birmingham, AL  35203

J. Carter Thompson, Jr.
(Admitted *pro hac vice*)
Baker, Donelson, Bearman, Caldwell
        & Berkowitz, P. C.
Meadowbrook Office Park
4268 I-55 North
Jackson, MS 39211

ATTORNEYS FOR DEFENDANT
BAXTER HEALTHCARE CORPORATION