IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

|                                        |   |                              |
|----------------------------------------|---|------------------------------|
| CARRIE SCOTT and JAMES SCOTT,          | ) |                              |
|                                        | ) |                              |
| Plaintiffs,                            | ) |                              |
|                                        | ) |                              |
| vs.                                    | ) | CRIMINAL NO. 10-0186-CG-N    |
|                                        | ) |                              |
| BAXTER HEALTHCARE CORPORATION, et. al.,| ) |                              |
|                                        | ) |                              |
| Defendants.                            | ) |                              |

## MEMORANDUM OPINION AND ORDER

This action is before the court on the motion of defendant, Baxter Healthcare Corporation ("Baxter"), for summary judgment (Doc. 54) and plaintiffs' response. (Doc. 61). This product liability action arises from injuries suffered by plaintiff Carrie Scott on February 20, 2008, while seeking medical treatment at the emergency department of John Paul Jones Hospital. All claims against defendants J. Paul Jones Hospital and J. Paul Jones Hospital Board were dismissed by order of this court dated June 17, 2010. (Doc. 23). Upon plaintiff's motion, defendants Teva Pharmaceuticals USA, Inc., Sicor, Inc., and Teva Parenteral Medicines, Inc. were dismissed on October 20, 2010. (Doc. 44).

Plaintiffs assert claims against the only remaining defendant, Baxter, as the alleged manufacturer, seller and distributor of Phenergan™ or Promethazine Hydrochloride for breach of warranty, failure to warn and for design defect under the Alabama Extended Manufacturer's Liability Doctrine. (Doc. 1-1). Plaintiffs

allege that the product was not reasonably safe, was defective and unreasonably dangerous and unfit for IV-push administration. Baxter filed a motion for summary judgment on August 18, 2011, asserting, among other things, that all of plaintiffs' claims are really failure to warn claims and that under the recent United States Supreme Court decision Pliva, Inc. v. Mensing, 564 U.S. ----, 131 S.Ct. 2567, 180 L.Ed.2d 580 (2011), the claims are preempted by federal law. (Docs. 54, 55).

On August 22, 2011, this court directed that any party opposing plaintiffs' motion for summary judgment must file a response in opposition on or before September 8, 2011. (Doc. 59). Plaintiffs filed a response which states they "are not filing any evidentiary or legal argument in response to the Motion for Summary Judgment" and "are aware that the Defendants will be entitled to judgment as a matter of law on all claims." (Doc. 61, p. 1). Plaintiffs acknowledge that the Pliva decision makes any argument in opposition in this forum pointless. (Doc. 61, p. 2).

"In opposing a motion for summary judgment, a 'party may not rely on his pleadings to avoid judgment against him.'" Resolution Trust Corp. v. Dunmar Corp., 43 F.3d 587, 592 (11th Cir. 1995), cert. denied sub nom., Jones v. Resolution Trust Corp., 516 U.S. 817 (1995)(citing Ryan v. Int'l Union of Operating Eng'rs., Local 675, 794 F.2d 641, 643 (11th Cir. 1986)). Moreover, "[t]here is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment. Rather, the onus is upon the parties to formulate arguments; grounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned." Id. at 599 (citations omitted).

There being no opposition to Baxter's motion, the court, after reviewing the pleadings in this case, concludes that judgment is due to be entered in Baxter's favor.  All claims asserted by plaintiffs against Baxter have been abandoned. Therefore, Baxter's motion for summary judgment (Doc. 54) is hereby **GRANTED.**

**DONE and ORDERED** this 9th day of September, 2011.

/s/   Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE